UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAIME LUEVANO (#1655791)                                    CIVIL ACTION

VERSUS

U.S. JUDGE ROBERT G. JAMES, ET AL.                          NO. 11-0524-BAJ-CN

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, September 9, 2011.

                                          **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JAIME LUEVANO (#1655791)**                    **CIVIL ACTION**

**VERSUS**

**U.S. JUDGE ROBERT G. JAMES, ET AL.**          **NO. 11-0524-BAJ-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

  The pro se plaintiff, an inmate incarcerated at the Connolly Unit of the Texas Department of Corrections, filed a hand-written pleading in this Court on July 27, 2011, entitled, "Writ of Mandamus to Compel U.S. Attorney General Eric holder Jr. for Investigation." The plaintiff asks this Court to order an investigation and to order congressional hearings in connection with United States District Judge Robert G. James, the judges and clerks of the United States Court of Appeals for the Fifth Circuit, and Texas Governor Rick Perry, who he contends have committed "perjury in the internet ...to cover-up and protect a white collar crimes [sic] in El Paso, Texas...."[1] The petitioner also seeks leave to proceed in forma pauperis herein.

  Pursuant to 28 U.S.C. § 1915(g), a prisoner who has filed three or more prior federal civil actions which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted may not proceed in forma pauperis without a showing that he is under imminent danger of serious physical injury. A review of the

---

  [1] Although the formal writ of mandamus was abolished by Fed.R.Civ.P. 81(b), the federal courts are nonetheless empowered to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28 U.S.C. § 1651. This includes jurisdiction to address actions in the nature of mandamus. <u>See also</u> 28 U.S.C. § 1361, which provides that, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

records of the federal courts reflects that the plaintiff in this case is very well known for abusing the process of the federal courts and has filed numerous prior federal actions (over 30 in the Fifth Circuit alone), a number of which have been dismissed as frivolous or for failure to state a claim.  See, e.g., Luevano v. Clinton, 2010 WL 3338711 (N.D. N.Y., Aug. 20, 2010); Luevano v. Perry, 2010 WL 2245056 (W.D. Tex., June 1, 2010); Luevano v. Immigration and Customs Enforcement, 2009 WL 577275 (D. D.C., March 5, 2009); Luevano v. U.S. Supreme Court Clerks, 2009 WL 82189 (D. D.C., Jan. 13, 2009); Luevano v. Medrano, 2008 WL 5688474 (W.D. Tex., Dec. 17, 2008); and Luevano v. United States President of America, 2008 WL 134561 (D. D.C., Jan. 11, 2008).[2]  Accordingly, inasmuch as the plaintiff has made no attempt in his Complaint to allege or show that he is in imminent danger of serious physical injury, the Court will recommend that the plaintiff be denied leave to proceed in forma pauperis in this case and that this action be dismissed unless, within fourteen (14) days of the date of this Report, the plaintiff pays to the Clerk of this Court the full amount of the Court's filing fee ($350.00).[3]

## RECOMMENDATION

It is recommended that the plaintiff be denied leave to proceed in forma pauperis in this case and that this action be dismissed unless,

---

[2]  As noted in Jaime Luevano v. Circuit Judges of Louisiana, et al., Civil Action No. 11-CV-0321-RGJ-KLH (W.D. La.), the plaintiff has filed no fewer than 57 civil actions in the United States District Courts in Arizona, California, the District of Columbia, Illinois, Louisiana, Michigan, Texas, New Mexico, Nevada, New York, Ohio, Oklahoma, Pennsylvania and Virginia, and has prosecuted appeals in the Third, Fourth, Fifth, Sixth, Seventh, and Tenth Circuit Courts of Appeal, as well as the Court of Appeals for the District of Columbia Circuit.

[3]  It further appears that the plaintiff's claim asserted herein is frivolous as a matter of law.  See, e.g., Jaime Luevano v. Circuit Judges of Louisiana, et al., Civil Action No. 11-CV-0321-RGJ-KLH (W.D. La.), wherein a similar mandamus action, seeking an investigation into purported lies made by certain named judges of the United States Court of Appeals for the Fifth Circuit, was dismissed as legally frivolous.

within fourteen (14) days of the date of this Report, the plaintiff pays to the Clerk of this Court the full amount of the Court's filing fee in the amount of $350.00.

Signed in chambers in Baton Rouge, Louisiana, September 9, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**